IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-00341-H

| | |
|---|---|
| BAXTER WORTH PASCHAL, JR., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER AND** |
| | ) **MEMORANDUM AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Defendants. | ) |

This matter is before the Court on *pro se* Plaintiff's motion to reconsider [DE-4] Magistrate Judge William A. Webb's order denying Plaintiff's application to proceed *in forma pauperis* [DE-2]. This case was reassigned subsequent to the entry of Judge Webb's order and the motion for reconsideration referred to this Court.

Although Judge Webb's order denied Plaintiff's application, courts must evaluate a plaintiff's ability to pay the filing fee in each new case because a plaintiff's financial condition may change over time. *Glodjo v. Wilson*, 111 F.3d 131, at **1 (6th Cir. 1997)(unpublished op.)(quoting *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). Accordingly, the Court finds that Plaintiff has demonstrated sufficiently his inability to pay the required costs and fees based on the additional factual information provided by Plaintiff in his motion to reconsider. Plaintiff asserts that he has received no income in the past six months and that his assets are in need of costly repairs, including a 1996 Jeep with 265,000 miles and a 1996 tent trailer. Plaintiff appears to have no liquid assets, no

1

income, and monthly expenses of approximately $1,435 per month. For the follwoing reasons, Plaintiff's motion to reconsider and the application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) are **GRANTED**. Nonetheless, pursuant to 28 U.S.C. § 1915(e)(2), the Court must also engage in a review to determine whether this case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages from an immune defendant.

I. **FACTUAL BACKGROUND**

Plaintiff's proposed complaint against the United States, the Internal Revenue Service (the "IRS"), IRS Commissioner Douglas Shulman, IRS Criminal Investigation Chief Eileen Mayer, IRS Agent Thomas A. Beers, in his personal and professional capacity, and an unnamed IRS case manager alleges abuse of process, statutory abuse, selective enforcement, vindictive enforcement, malicious enforcement, withholding of exculpatory evidence, violation of civil rights, and defamation and libel. Plaintiff asserts liability based on 28 U.S.C. § 2674, the Federal Tort Claims Act (the "FTCA"). These alleged claims arose from Plaintiff's 2005 indictment under 26 U.S.C. § 7212(a) for attempts to interfere with administration of internal revenue laws related to an IRS investigation of Plaintiff's failure to report certain assets. Plaintiff pled guilty, was convicted, and served a 16 month sentence.

II. **STANDARD OF REVIEW**

The court is required to dismiss a case brought *in forma pauperis* at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §

1915(e)(2)(B)(i)-(iii).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). A plaintiff, however, may not simply present conclusions, but must allege some minimum level of factual support for the claims raised in order to avoid dismissal. *Id.* at 724.

III. **ANALYSIS**

A. **Immunity of Defendants**

Plaintiff predicates liability on the FTCA, which allows private parties to sue the United States fort torts committed by individuals acting on behalf of the United States. The statute does provide limited waiver of immunity for certain torts. 28 U.S.C. § 1346(b)(1); *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996). The FTCA does not, however, provide for suit against a federal agency or its employees, but applies exclusively to the United States as a defendant. *See Harrison v. United States*, Case No. 5:99-CT-513, slip op. at 1-2 (E.D.N.C. Oct. 14, 1999)(dismissing claims under the FTCA against the IRS and other agencies for lack of subject matter jurisdiction)(citing *Atorie Air, Inc. v. FAA*, 942 F.2d 954 (5th Cir. 1991); *Rivers v. United States*, 928 F.2d 592, 609 (2d Cir.1991)); *see also* 28 U.S.C. § 2679(a)-(b)(providing immunity to agencies and employees acting within the scope of their employment where a remedy exists against the United States under

3

§1346(b)). Therefore, the court recommends that Plaintiff's claims for abuse of process, statutory abuse, selective or vindictive enforcement, malicious enforcement and defamation and libel against the IRS and all individual defendants be dismissed for lack of subject matter jurisdiction.

### B. Tort Claims against the United States

Moreover, it is the court's opinion that the suit against the United States must fail because Plaintiff has not raise cognizable claims in this court. The FTCA provides that the United States is liable for torts "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 1346(b)(1); *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006)("The FTCA creates a limited waiver of the United States' sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law."). The Court must look to the law of the jurisdiction in which the acts were committed, which appears to be North Carolina, to determine if Plaintiff has stated a cause of action under the FTCA. *See Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 477-78 (1994)("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA.").

#### a. Malicious Prosecution

Plaintiff must allege four elements to state a claim for malicious prosecution under North Carolina law: (1) the defendant initiated the earlier proceeding; (2) malice on the part of the defendant in doing so; (3) lack of probable cause for the initiation of the earlier

proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff. *Kirschbaum v. McLaurin Parking Co.*, 656 S.E.2d 683, 687-88 (N.C. Ct. App. 2008). Plaintiff states in his complaint that he was convicted as a result of the prosecution and, therefore, cannot meet the fourth element of a malicious prosecution cause of action, that the earlier proceeding was terminated in favor of the plaintiff. Therefore, it is the court's opinion that Plaintiff's malicious prosecution claim against the United States should be dismissed.

### b. Selective or Vindictive Prosecution

In order to state a claim for selective or vindictive prosecution under North Carolina law, Plaintiff must allege that the "prosecutorial system was motivated by a discriminatory purpose and had a discriminatory effect" and that the "selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *State v. Blyther*, 623 S.E.2d 43, 44 (N.C. Ct. App. 2005)(citations omitted); *see also Rowsey v. Lee*, 327 F.3d 335, 343 (4th Cir. 2003)("'The requirements for a selective-prosecution claim draw on ordinary equal protection standards.'")(quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). Plaintiff alleges that "[t]here have been rumors for years floating around the chiropractic profession that the IRS is targeting chiropractors" and that he was prosecuted by the IRS because he was a chiropractor. Plaintiff does not allege any basis for the discrimination as a member of a protected class. Moreover, it is the court's opinion that Plaintiff's claim that there was an IRS conspiracy against the chiropractic profession do not meet the "minimum level of factual support," *White*, 886 F.2d at 724, necessary to avoid dismissal of the selective or vindictive prosecution claim.

5

c. **Defamation**

Plaintiff's defamation claim against the United States must also be dismissed as claims for libel and slander are not actionable under the FTCA. 28 U.S.C. § 2680(h)(providing that the United States' sovereign immunity is not waived for claims arising from libel and slander); *Keene v. Thompson*, 232 F. Supp. 2d 574, 585 (M.D.N.C. 2002).

d. **Abuse of Process**

In order to state a claim for abuse of process, Plaintiff must allege (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. *Beroth Oil Co. v. Whiteheart*, 618 S.E.2d 739, 747 (N.C. Ct. App. 2005)(citing *Barnette v. Woody*, 88 S.E.2d 223-227-28 (1955)). It appears that Plaintiff alleges the "ulterior purpose" for the investigation by agent Beers was to create the illusion that Agent Beers was pursuing a legitimate case while in actuality doing minimal work and instead playing golf or taking afternoons off. It is the court's opinion that this assertion lacks a "minimal level of factual support," to survive frivolity review. *White*, 886 F.2d at 724..

e. **Negligence**

Plaintiff also alleges negligence by an unnamed office manager for allowing the malicious prosecution of Plaintiff. As it is the court's opinion that Plaintiff has failed to allege facts that support claims for vindictive or malicious prosecution, the court also recommends that Plaintiff's negligence claim be dismissed on frivolity grounds.

C. **Violation of Civil Rights**

6

Plaintiff generally alleges a violation of his civil rights, but provides no specific allegations as to which civil rights were violated. The facts alleged by Plaintiff related to the alleged abuse of process and defamation claims are allegations of common law tort. While facts supporting tort claims can provide the basis for a civil rights claim, see Somers v. Strader, 435 F. Supp. 1184, 1185 (M.D.N.C. 1977), Plaintiff's allegations do not suggest that he was deprived of a constitutional right. See Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir. 1981)("A valid cause of action under § 1983 is not alleged simply by the assertion that a common law tort was committed by a state official. Rather, to have a meritorious claim, a plaintiff must allege that he was deprived of some constitutional right."); Curtis v. Rosso & Mastracco, Inc., 413 F. Supp 804, 809 (E.D. Va. 1976)(concluding that malicious prosecution claim was not within the scope of the Civil Rights Act where plaintiff failed "to present a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."). As discussed above, it is the court's opinion that Plaintiff's allegation of selective prosecution based on his status as a chiropractor is not viable and does not invoke equal protection considerations. Consequently, the court recommends that Plaintiff's claim for a civil rights violation be dismissed on frivolity grounds.

### D. Withholding Exculpatory Evidence

Plaintiff alleges that the government withheld exculpatory evidence when Agent Beers allegedly failed to disclose at Plaintiff's sentencing hearing that Plaintiff withdrew the forms at issue in his case. Due process is violated where the government "suppresses evidence that is 'favorable to an accused . . . where the evidence is material either to guilt

or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Fullwood v. Lee*, 290 F.3d 663, 685 (4th Cir. 2002)(quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). The evidence Plaintiff alleges was withheld, however, is evidence that was known to Plaintiff and, consequently, no due process violation occurred because Plaintiff could have presented this evidence in his own defense. *See Fullwood*, 290 F.3d at 686 ("[I]nformation that is not merely available to the defendant but is actually known by the defendant would fall outside of the Brady rule.")(citing *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996)).

## IV. CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff's motion to reconsider and application to proceed *in forma pauperis*. In addition, the court **RECOMMENDS** that all claims be **DISMISSED** on frivolity review for the reasons stated above. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 26th day of November 2008.

DAVID W. DANIEL
United States Magistrate Judge